**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD NKENGAFAC CHABAJA,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 21-489<br><br>Agency No.<br>A213-190-491<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2023[**]
San Francisco, California

Before: S.R. THOMAS and KOH, Circuit Judges, and RAKOFF, District Judge.[***]

Gerald Nkengafac Chabaja ("Chabaja"), a native and citizen of

Cameroon, petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  As the parties are familiar with the facts of this case, we do not recount them here.  We have jurisdiction under 8 U.S.C. § 1252.  We review the denial of asylum, withholding of removal, and CAT relief, as well as adverse credibility determinations, for substantial evidence.  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  We dismiss the petition in part, deny in part, and grant and remand in part for proceedings consistent with this disposition.

1.  Limiting our review to the grounds relied upon by the BIA, *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014), substantial evidence supports the agency's adverse credibility determination based on Chabaja's inconsistencies and demeanor, *see Shrestha*, 590 F.3d at 1044 (explaining that in making an adverse credibility determination, the agency may consider an applicant's inconsistency and demeanor).  Substantial evidence supports the adverse credibility determination based on the inconsistency between Chabaja's testimony and his border interview.  Before the IJ, Chabaja testified that the military arrested him after discovering pictures of dead soldiers on his phone.  However, in his border interview, Chabaja stated that the picture that caused his arrest was of "a flag that represented the English-speaking Cameroons."  This inconsistency was not trivial, as it related to the alleged persecution underlying his claim for relief.  *See id.* at 1046–47 ("Although inconsistencies no longer

2                                                                    21-489

need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Substantial evidence also supports the adverse credibility determination based on the inconsistency between Chabaja's testimony and his supporting affidavits about whether he was attacked by separatists in Cameroon. Although Chabaja was afforded opportunities to explain both inconsistencies, "the IJ and [BIA] were not compelled to accept [his] explanation[s] for the discrepanc[ies]." *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021).

Finally, the BIA cited the IJ's demeanor finding that Chabaja testified in a "rote manner" and provided "nervous and non-responsive answers" when confronted during cross-examination. These "specific, first-hand observations" are "precisely the kind of credibility cues that are the special province of the factfinder." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam); *see also id.* (upholding the IJ's demeanor finding where the IJ observed that petitioner was "visibly nervous" and spoke "notably faster" in response to questioning). Because "[t]he need for deference is particularly strong in the context of demeanor assessments," *Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014), "[w]e give 'special deference' to a credibility determination that is based on demeanor," *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (quoting *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 818–19 (9th Cir. 1994)).

Absent credible testimony, the BIA did not err in concluding that Chabaja failed to meet his burden of establishing eligibility for asylum or withholding of removal, and the record does not compel a contrary conclusion. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (per curiam). Accordingly, we deny the petition for review as to the denials of asylum and withholding of removal.[1]

2. The BIA erred when denying Chabaja's request for CAT relief. "The failure of the IJ and BIA to consider evidence of country conditions constitutes reversible error." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010). This is because country conditions alone could satisfy a CAT applicant's burden. *Id.* Here, neither the IJ nor the BIA discussed the country conditions in the record when evaluating Chabaja's CAT claim. "[W]here there is any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand." *Flores Molina v. Garland*, 37 F.4th 626, 639 n.7 (9th Cir. 2022) (quoting *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011)). Because we cannot assume that the agency considered evidence it did not discuss, we grant the petition for review in part

---

[1] In denying asylum, the BIA did not rely on the IJ's alternative determinations on the cognizability of Chabaja's proposed particular social group and the application of the third country transit bar. In light of our disposition, we need not address those issues. *See Regalado-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004))).

and remand for the BIA to reconsider Chabaja's claim for CAT relief in light of the entire record. *See Aguilar-Ramos*, 594 F.3d at 705 ("Because the BIA failed to consider the Country Report at all, the proper course of action is to remand with instructions that the BIA reconsider [the petitioner's] CAT claim in light of the Country Report." (citing the ordinary remand rule under *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam))).

3.   Chabaja requests remand to apply for post-conclusion voluntary departure. Although Chabaja failed to exhaust this claim before the agency, the BIA did not have the benefit of our decision in *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021), holding that a statutorily deficient notice to appear does not trigger the voluntary departure stop-time provision. Accordingly, we grant the petition for review in part and remand for the BIA to consider Chabaja's post-conclusion voluntary departure claim, if necessary, in light of *Posos-Sanchez*.[2]  *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("[W]here the agency's position 'appears already set' and recourse to administrative remedies is 'very likely' futile, exhaustion is not required." (quoting *Szonyi v. Barr*, 942 F.3d 874, 891 (9th Cir. 2019))).

**PETITION DISMISSED IN PART, DENIED IN PART, AND GRANTED IN PART; REMANDED.[3]**

---

[2] Because Chabaja failed to exhaust the argument that defects in the notice to appear required termination of his proceedings, we lack jurisdiction to consider it and thus dismiss this portion of the petition. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

[3] The parties shall bear their own costs on appeal.